**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAKIRA BURTON,

Plaintiff,

v.

Dolton Police Officer T. GIST #129 and VILLAGE OF DOLTON,

Defendants.

Case No. 25-cv-4485

***Jury demanded.***

# COMPLAINT AT LAW

NOW COMES Plaintiff JAKIRA BURTON, by her attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the defendants T. GIST #129 and VILLAGE OF DOLTON, and states the following:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Eighth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. At all times relevant herein, Plaintiff JAKIRA BURTON ("Jakira") was a resident of the County of Cook, State of Illinois.

5. Defendant Gist is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant VILLAGE OF DOLTON, and was acting within the scope of his agency, service and/or employment with the VILLAGE OF DOLTON, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant VILLAGE OF DOLTON is a government entity operating within the State of Illinois. The VILLAGE OF DOLTON is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, VILLAGE OF DOLTON was the employer of Defendant Gist.

## FACTUAL ALLEGATIONS

7. On October 6, 2024, at around 11:30 p.m., Jakira was at an establishment called Pablo's Café & Bar, located at 1115 Sibley Boulevard, Dolton, IL 60419.

8. Jakira was having a night out with her boyfriend Devon Doby and was very intoxicated.

9. At some point during the night, Jakira got into a fight with a group of women inside the bar.

10. A number of Dolton police officers – including Defendant Gist – arrived at Pablo's.

11. Outside Pablo's, the women who were involved in the fight with Jakira started taunting her from inside their vehicle.

12. Jakira ran toward the vehicle while Doby tried to grab her to calm her down.

13. Jakira attempted to slap and punch Doby, but she was far enough away from him that her punches were landing on his hands, which were extended out in front of his body.

14. Defendant Gist took a running start and tackled Jakira, flying headlong into her side and landing with his weight on her, pinning her to the ground.

15. Jakira weighs 115 pounds and is 5'4" tall.

16. Defendant Gist is considerably larger and heavier than Jakira.

17. Jakira lost consciousness.

18. While Jakira was unconscious, Defendant Gist forced her limp arms behind her back to handcuff her as Doby pleaded with officers not to hurt her or take her to jail.

19. "She's cool, she's cool", repeated Doby, while an unknown officer said dismissively, "She is now."

20. Officers rolled Jakira over on her back

21. When Jakira awoke, she complained of pain in her arm and shoulder.

22. Jakira continued to complain of pain in her shoulder while defendant Gist pretended to massage her shoulders, saying, "I'll massage it for you, is that better?"

23. Jakira was transported to Ingalls Memorial Hospital where she was diagnosed with a fracture of her left arm.

24. Jakira had to undergo an Open Reduction Internal Fixation surgery that same day.

**COUNT I – FEDERAL CLAIM**
**EXCESSIVE FORCE**
**DEFENDANT GIST**

25. Each paragraph of this Complaint is incorporated as if restated fully herein.

26. The force used by Defendant Gist against Jakira was excessive, unnecessary, and objectively unreasonable.

27. The actions of Defendant Gist constituted unreasonable, unjustifiable, and excessive force against Jakira, violating her rights under the Fourth Amendment to the United States Constitution.

28. As a result of Defendant Gist's reckless, unreasonable, and unnecessary actions in Jakira suffered a severe injury requiring emergency medical treatment.

29. As a direct and proximate result of Defendant Gist's conduct, Jakira suffered severe injuries, emotional trauma, physical and mental pain and suffering, anxiety, incurred significant medical expenses and lost wages, and will continue to suffer many of these conditions in the future.

**COUNT II – STATE CLAIM**
**BATTERY**
**DEFENDANT GIST AND VILLAGE OF DOLTON**

30. Each paragraph of this Complaint is incorporated as if restated fully herein.

31. Defendant Gist, and Defendant VILLAGE OF DOLTON, by and through their agent Defendant Gist, knowingly and without legal justification or permission, harmfully and/or offensively made physical contact with Jakira, committing battery under Illinois law.

32. As a direct and proximate result of Defendant Gist's conduct, Jakira suffered severe injuries, emotional trauma, physical and mental pain and suffering, anxiety, and humiliation, and will continue to suffer many of these conditions in the future.

**COUNT III – STATE CLAIM**
**INDEMNIFICATION**
**DEFENDANT VILLAGE OF DOLTON**

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. At all relevant times, Village of Dolton was the employer of Defendant Gist.

35. Defendant Gist committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of Dolton.

36. Illinois law provides that governmental entities are directed to pay any tort judgment for damages for which employees are liable within the scope of their employment activities.

37. Should Defendant Gist be found liable on one or more of the claims set forth above, Plaintiff Jakira Burton demands, pursuant to Illinois law, that his employer, Defendant Village of Dolton, be found liable for any judgment plaintiff obtains against Defendant Gist, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

**PRAYER FOR RELIEF**

For the foregoing reasons, the Plaintiff JAKIRA BURTON, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

**JURY DEMAND**

The Plaintiff JAKIRA BURTON, requests a trial by jury.

**DATED:** April 24, 2025

Respectfully submitted,
JAKIRA BURTON

/s/ Jordan Marsh
*Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
33 North LaSalle Street Suite 2000
Chicago, IL 60602
(224) 220-9000
jordan@jmarshlaw.com